BACHERT v. McKEE.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. SALES (§ 359*)—ACTIONS FOR PRICE—SUFFICIENCY OF EVIDENCE.
    Evidence in an action for the price of goods sold *held* not to sustain a verdict for defendant.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

2. SALES (§ 189*)—ACTIONS FOR PRICE—SUFFICIENCY OF EVIDENCE.
    Evidence in an action for the price of calendars sold defendant *held* not to show that a substantial part of the calendars delivered was defective.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 504, 505; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Albert Bachert against Robert W. McKee. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hastings & Gleason, of New York City (Edward L. Dennis, of New York City, of counsel), for appellant.

W. Gibbes Whaley, of New York City, for respondent.

SEABURY, J.　[1] While the amount involved in this case is small, it is plain that an injustice has been done. The evidence established that the defendant owed the plaintiff $11, whereas a judgment for $5 has been rendered against the plaintiff in favor of the defendant. Plaintiff sold and delivered certain calendars to the defendant, of the value of $11. The calendars were delivered in December, 1911. Statements of account were sent by plaintiff to defendant on February 1 and 29, on April 3 and 30, and on May 14, 1912. None of these statements was disputed by the defendant. The defendant retained the calendars until July, 1912, when they were returned to the plaintiff.

[2] The defendant claimed that the calendars delivered were incorrect and defective, but no satisfactory proof of this fact was given. The production of two of the calendars which had been improperly bound fell far short of establishing that a substantial part of all the calendars delivered were defective.

Judgment reversed, with costs, and judgment directed against the defendant for $11 and interest. All concur.